# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | | Case No. 1:07CR00028 |
| v. | | |
| | | **OPINION** |
| | | |
| **DEMETRIUS TYRONE GARDNER**, | | By: James P. Jones |
| | | Chief United States District Judge |
| Defendant. | | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Daniel R. Bieger, Copeland & Bieger, P.C., Abingdon, Virginia, for Defendant.*

In this § 2255 case in which the defendant seeks to attack one of the predicate convictions leading to his status as a Career Offender under the sentencing guidelines, relief will be denied. Even if the defendant had not been a Career Offender, his sentence fell within the advisory guideline range and was otherwise appropriate. For these reasons, his sentence was not unlawful and collateral relief under § 2255 is unavailable.

I

The defendant, Demetrius Tyrone Gardner, was found guilty by a jury in this court of conspiring to distribute or to possess with intent to distribute fifty or more grams of crack cocaine, as well as two counts of making false statements.[1]

In the Presentence Investigation Report ("PSR") prepared for sentencing, the court's probation officer found that Gardner qualified as a Career Offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1.[2] This finding relied on Gardner's prior state conviction for taking indecent liberties with a minor, in violation of Va. Code Ann. § 18.2-370 ( 2009), and his prior federal conviction for possession with intent to distribute cocaine base. Gardner did not object to this determination. I adopted the findings of the PSR, which pursuant to § 4B1.1, assigned Gardner a Total Offense Level of 37, and a Criminal History Category of VI, yielding an advisory guideline range of 360 months to life imprisonment.[3]

---

[1] He was acquitted of the offense of using a person under eighteen years of age in the drug trafficking offense.

[2] Under this provision, a defendant is subject to a higher advisory sentencing range if (1) he was eighteen years old at the time of the offense; (2) the offense was either a crime of violence or a controlled substance offense; and (3) he had at least two prior felony convictions for either crimes of violence or a controlled substance offense. USSG § 4B1.1(a).

[3] The government argued at sentencing that Gardner was subject to a statutory mandatory sentence of life imprisonment under 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2009), because he had three prior felony drug convictions. I found, however, that two

I sentenced Gardner to a term of 360 months imprisonment. He appealed two issues related to his trial, but did not challenge his classification as a Career Offender. The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. *United States v. Gardner*, 313 F. App'x 668 (4th Cir.) (per curiam) (unpublished), *cert. denied*, 130 S. Ct. 125 (2009).

Gardner then filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009), contending that a change in law requires that his sentence be set aside. He relies on *Begay v. United States*, 128 S. Ct. 1581, 1586 (2008), in which the Supreme Court held that under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e)(2)(B)(ii) (West. 2000), which authorizes sentence enhancements for offenders with prior violent felonies, a predicate offense must be similar in kind to the listed offenses, meaning that it must involve "purposeful, violent, and aggressive conduct." *Begay,* 553 U.S. at 1586. Gardner argues that his state court conviction for taking indecent liberties with a minor does not meet the *Begay* definition of a violent felony. Because the definition of violent felony is essentially the same under the ACCA and USSG § 4B1.1, Gardner

---

of Gardner's prior convictions were not proper predicates under the statute. *United States v. Gardner*, 534 F. Supp. 2d 655 (W.D. Va. 2008). The government did not appeal that determination.

contends that he was ineligible for the Career Offender classification and should be resentenced.

The government has filed a Motion to Dismiss, asserting that Gardner's claim is procedurally barred because he did not raise it on appeal. The government contends that he cannot overcome this bar because he cannot show that he is actually innocent of being a Career Offender since his state offense meets the *Begay* definition.

II

To state a claim for relief under § 2255, a defendant must prove that one of the following occurred: (1) His sentence was "imposed in violation of the Constitution or laws of the United States"; (2) The "court was without jurisdiction to impose such sentence"; or (3) The "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255(a). Section 2255 relief is available not only for constitutional errors, but also for violations of the laws of the United States relating to conviction or sentence. However,

> the scope of review of nonconstitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves "a fundamental defect which inherently results in a complete miscarriage of justice" . . . or is "inconsistent with the rudimentary demands of fair procedure."

*United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979) and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

Ordinarily, alleged errors in interpreting or applying the sentencing guidelines fall short of the complete miscarriage of justice showing necessary to support § 2255 relief. *Mikalajunas*, 186 F.3d at 496 (finding that alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice"). Where the defendant makes "no claim of a constitutional violation; the sentence imposed was within the statutory limits; and the proceeding was not infected with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid," § 2255 relief is not warranted. *Addonizio*, 442 U.S. at 186. On the other hand, where the defendant demonstrates that his "conviction and sentence were no longer lawful," refusal to vacate his sentence would work a "complete miscarriage of justice," and § 2255 relief is appropriate. *Id.* at 187.

Upon review of the record, I find that regardless of whether Gardner's prior conviction qualifies under the *Begay* analysis as a predicate offense, he fails to demonstrate that his sentence is unlawful. Therefore, Gardner cannot show that a

complete miscarriage of justice will occur in the absence of § 2255 relief, and I must deny his motion.

Gardner's sentence of 360 months does not exceed the advisory guideline range to which he would have been subject even absent Career Offender status. Given the amount of illegal drugs attributed to Gardner, the PSR calculated Gardner's Base Offense Level to be 34, increased by two points for obstruction of justice, for an Adjusted Offense Level of 36. (PSR ¶¶ 19-24.) Gardner's prior adult convictions gave him a subtotal of ten Criminal History Points, and the fact that he committed his current offense while on supervised release and within two years of his release from incarceration added another three points, for a total of 13 Criminal History Points and a Criminal History Category of VI. (PSR ¶¶ 28-47.) Thus, even if he had not been found to be a Career Offender, Gardner would still have had a Total Offense Level of 36 and a Criminal History Category of VI, yielding a sentencing range of 324 to 405 months under the advisory guidelines. Gardner received a sentence of 360 months imprisonment, in the middle of that guideline range.

Gardner's 360-month sentence is appropriate based upon his past record. His criminal history indicates that Gardner has wasted the numerous second chances courts have offered him to turn his life around and avoid criminal behavior. His prior convictions indicate a continuing disrespect for the law and the rights and property

of others.[4] These factors warranted a lengthy sentence to promote respect for the law, to provide just punishment for the offense, and to protect the public. *See* 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2009).[5]

III

In conclusion, I find that Gardner's sentence does not exceed the advisory guideline range to which he would have been subject absent career offender status under § 4B1.1, that his sentence was appropriate under the factors listed in § 3553(a), and, therefore, that the sentence is not unlawful. For these reasons, I find that Gardner is not entitled to relief under § 2255, and his motion must be denied. Given this disposition, I need not determine whether Gardner's prior conviction for taking indecent liberties with a minor qualifies as a crime of violence for purposes of enhancement under USSG § 4B1.1.[6]

---

[4] For example, the facts regarding his conviction for taking indecent liberties with a minor as related in paragraph 39 of the PSR indicate that Gardner allowed his sexual urges to overshadow the emotional harm his actions no doubt caused his ten-year-old victim.

[5] When sentencing Gardner, I stated, "In view of the defendant's lengthy prior record, and his multiple drug convictions, I find it appropriate to sentence the defendant within the guideline range." (Tr. 5, Feb. 11, 2008.)

[6] For the argument that his prior conviction for taking indecent liberties with a minor is not a predicate offense, Gardner relies on *United States v. Thornton*, 554 F.3d 443, 444 (4th Cir. 2009) (holding that a Virginia conviction for statutory rape did not constitute a violent felony under the ACCA). But see *United States v. Daye*, 571 F.3d 225, 235 (2d Cir.

A separate Final Order will be entered herewith.

DATED: December 17, 2009

/s/ JAMES P. JONES
Chief United States District Judge

---

2009) (holding that state statute punishing sexual acts with person under sixteen constituted violent felony under the ACCA, and distinguishing *Thornton*).